DA 10-0529

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 114N

DAVID WILLIAM KENNEDY,

      Petitioner and Appellee,

  v.

PAMELA MAY KAMERA,

      Respondent and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DR 06-511
Honorable Edward P. McLean, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          P. Mars Scott, P. Mars Scott Law Offices, Missoula, Montana

      For Appellee:

          David William Kennedy, self-represented, Missoula, Montana

Submitted on Briefs:   May 3, 2011
Decided:   May 24, 2011

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Pamela Kamera (Kamera) and David Kennedy (Kennedy) entered an agreed-upon parenting plan for their then 2-year-old son in 2002. Multiple parenting plans and parenting schedules have been implemented, modified, and abandoned by Kamera and Kennedy over the following years. Kamera and Kennedy have engaged seemingly endless litigation and mediation rather than setting aside their past disputes and making choices in the best interest of their child. The District Court appropriately told them that "[a]ll the two of you are doing here is teaching [your son] – this is how we behave when we get married, and, then, we get divorced, and, then, we fight to see who can get the upper hand. You're teaching your kid how to live his life as an adult, and you both ought to be ashamed of yourselves – both of you."

¶3 Kennedy requested at a May 10, 2010, hearing that the parenting plan be modified because of a recent change in his work schedule. Kennedy informed the court that he and Kamera had changed the parenting schedule multiple times over the previous three years as his job schedule changed every six months. Kamera informed the court that the parties agreed to mediate these changes to the parenting schedules, as they had during the previous years. The court asked Kamera if she wanted the dispute sent back to mediation. Kamera

2

did not directly respond, but informed the court of disputes over the current parenting schedule and difficulties the child had in school. The court ordered a subsequent hearing and ordered that the child's guardian ad litem and a school representative be present to testify on the disputed facts. The court held that hearing on June 17, 2010.

¶4     The court made several rulings from the bench after hearing the testimony on June 17, 2010. The court modified the parenting schedule so that the child would alternate between the parents every week with the exchange occurring at 6:00 p.m. on Fridays. The court ordered that the parenting schedule could be altered for the week of Father's Day and Mother's Day, but did not mention the other holidays. The court also told Kennedy that he could provide daycare for the child during Kamera's parenting week so long as it did not adversely affect Kamera's daycare provider. The court did not address vacations.

¶5     Kennedy filed a pro se proposed order on June 30, 2010. Kennedy's proposed order stated that the court had changed the parenting schedule to a "week on, week off" schedule. The order removed paragraph 4A, 4C, and "paragraph 5, lines 10-18" from the prior parenting plan. The order stated that "[a]ll Holidays and Birthdays will remain the same with one exception." The order also stated that "[p]arents will take vacations on their own parenting week." Kennedy did not serve Kamera with the proposed order. The court signed the proposed order, without any amendments, on June 30, 2010. Kamera claims that she did not see the order until after the court had signed it.

¶6     Kamera now appeals the June 30, 2010, order of the District Court. She claims that the order does not comport with the court's oral rulings of June 17, 2010. She claims that the

3

court did not make findings of fact on the determinative issues or explain the justification for modification to the parenting plan. Kamera has not objected to the modified parenting schedule of "week on, week off" or raised any argument that the court's decision on the parenting schedule should be reversed. We affirm the court's modification of the parenting schedule to an alternating "week on, week off" arrangement.

¶7     We agree with Kamera that the court's oral rulings on June 17, 2010, do not support the statements in the court's June 30, 2010, order regarding removal of paragraphs, holidays, and vacations. We require a district court to make adequate findings of fact and conclusions of law to support its decisions regarding parenting disputes and modifications to the parenting schedule. *Jacobsen v. Thomas,* 2006 MT 212, ¶ 19, 333 Mont. 323, 142 P.3d 859. Kennedy has failed to present any support in the trial record for the statements regarding the removal of paragraphs, holidays, and vacations that he inserted into the proposed order. Our search of the transcript and record has uncovered no factual or legal basis for these statements.

¶8     We reluctantly reverse the District Court's order regarding the last four sentences of the June 30, 2010, order regarding removal of paragraphs in the parenting plan, holidays, and vacations. We remand to the District Court to create a reviewable record with adequate findings and conclusions to support its decision to remove the paragraphs and change the holiday and vacation schedule. We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, that provides for noncitable memorandum opinions.

/S/ BRIAN MORRIS

We Concur:

/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ JIM RICE